In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-3008

PIOTR M. PIENIAZEK,

*Petitioner,*

*v.*

ALBERTO R. GONZALES,

*Respondent.*

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A76 291 240.

ARGUED JANUARY 20, 2006—DECIDED JUNE 5, 2006

Before FLAUM, *Chief Judge*, and BAUER and RIPPLE, *Circuit Judges*.

BAUER, *Circuit Judge*. This appeal from a decision of the Board of Immigration Appeals is accompanied by a last-minute motion to remand filed by Respondent. We grant the motion and remand to the Board so it can reconsider its decision in light of the Immigration Judge's error. The Immigration Judge erred in holding that the Attorney General Guidelines for Undercover Operations, which were promulgated in 1984 to govern undercover investigations by the Immigration and Naturalization Service (INS), no longer applied because INS was reorganized under the Department of Homeland Security (DHS) and therefore the Attorney General was no longer the head of INS. The INS

ceased to exist on March 1, 2003, but its functions were assumed by agencies within the newly formed DHS. The Immigration Judge reasoned that since the chain of command had changed, the Guidelines were irrelevant to Pieniazek's case. The Immigration Judge erred and we remand to the Board of Immigration Appeals to consider Pieniazek's case in light of the governing Guidelines.

Piotr Pieniazek was admitted to the United States on September 7, 1997. He arrived from Poland as a nonimmigrant visitor and he was authorized to stay in the United States for a short time, but his visit was not to exceed March 6, 1998. As it turns out, Pieniazek remained in the United States beyond March 6, 1998, and as far as the record shows, he did not seek nor receive authorization from the former INS to prolong his stay. Pieniazek was subsequently charged with removability as an alien who remained in the United States for a time longer than permitted. *See* INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). The parties disputed the events and dealings leading to Pieniazek's removal order. Some of the evidence gathered to support the government's charge was obtained from the INS undercover investigation known as "Operation Durango." Undisputed, however, is the fact that Pieniazek was charged with removability based on his visa overstay alone.

In support of the charges, Respondent filed a form I-213, which is a Record of Deportable/Inadmissible Alien, in Immigration Court. The information used to complete the I-213 form was gathered from Pieniazek's "A-file," which is the permanent record that the INS maintains for persons seeking citizenship in the United States, and from evidence obtained as part of the ongoing "Operation Durango" investigation.

At a hearing before the Immigration Judge, Pieniazek filed a motion to continue and a motion to terminate

proceedings in Immigration Court. In his motion to continue proceedings, Pieniazek argued that the INS's undercover operations were governed by the directive, "Attorney General Guidelines for INS Undercover Operations," which was adopted in 1984. Further, he urged that INS's failure to follow the procedures laid out in the Guidelines served as grounds for suppression of any evidence obtained in the undercover investigation. Pieniazek explained to the Immigration Court that he had filed a Freedom of Information Act request with DHS to determine whether the evidence used to place him in removal proceedings was improperly obtained, and thus possibly subject to suppression.

In an oral opinion entered on February 24, 2004, the Immigration Judge found Pieniazek removable as charged and denied both his motion for a continuance and his motion to terminate removal proceedings. The Immigration Judge concluded that Pieniazek's continuance request was based on "speculative reasons." While the Immigration Judge noted Pieniazek's argument that the Attorney General Guidelines from 1984 applied to his case, he concluded that since DHS was no longer reporting to the Attorney General, the Attorney General Guidelines governing INS undercover operations no longer applied to DHS's actions. This conclusion is wrong.

Finally, the Immigration Judge concluded that the government established removability by clear and convincing evidence. The Board of Immigration Appeals affirmed the decision of the Immigration Judge without opinion. *See* 8 C.F.R. § 1003.1(e)(4).

An immigration case may be continued if there is "good cause" present. *See* 8 C.F.R. § 1002.39. Pieniazek argues that he has good cause and should be able to suppress any evidence gathered from "Operation Durango" if the INS violated the Attorney General Guidelines for Undercover

Operations. Pieniazek is entitled to an answer on this question.

We grant Respondent's request to remand this case so that the Board can reconsider the entirety of its decision in light of the fact that the Attorney General Guidelines on INS Undercover Operations continue to govern DHS's actions.

REMANDED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*